THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of CORNELIUS J. CURTIN v. CHARLES LORING, Defendant, Appellant.

(County Court, Bronx County, December, 1921.)

**Traffic regulations — city of New York.**

> Article 5 of the traffic regulations of the city of New York provides: " * * * Section 2. A vehicle's driver when about to turn either from a standstill or while in motion, shall give timely signal by hand or whip or in some other unmistakable manner to indicate the direction of the turn. * * * Section 4. Police Whistle signals shall indicate: One blast — N. and S. traffic stops and E. and W. proceeds. Two blasts — E. and W. traffic stops and N. and S. proceeds. Three or more blasts — The approach of fire apparatus or other danger. * * *."
>
> Defendant was proceeding north with his vehicle and upon one blast of the traffic officer's whistle did not stop but turned into a cross street and proceeded east, contending that the signal was to stop north and south traffic and not to prohibit a driver going north from joining in the east and west traffic. *Held*, that upon one blast of the traffic officer's whistle north and south traffic must stop at foot crossings of the street and not proceed until the officer has signaled that such traffic may continue. One desiring to turn into cross street should convey his intention to do so to officer before proceeding.

County Court, Bronx County, December, 1921.    [Vol. 117.

APPEAL from conviction for violation of city ordinance.

Johnson & Galston, for appellant.

Edward J. Glennon, district attorney (Frank Oliver, assistant district attorney, of counsel), for People.

GIBBS, J.  The defendant appeals from the judgment of conviction rendered by the City Magistrates' Court, borough of The Bronx, eighth district, finding him guilty of violating section 42, article 3, chapter 24 of the Code of Ordinances of the city of New York, in that he failed to stop the vehicle which he was driving, on signal.

The record discloses that defendant was proceeding north on the Grand Concourse in an automobile.  As he approached Fordham road, the police officer in charge of the traffic at the intersection of Grand Concourse and Fordham road signaled with his whistle and with his hand for north and south traffic to stop and for east and west traffic to proceed.  Defendant, however, did not stop, but turned into Fordham road and drove his automobile east.  He was overtaken by the police officer, charged with failing to observe the signals of the officer and thereafter convicted by the magistrate.

Appellant bases his appeal to this court on the construction of the traffic rules and regulations made by the police commissioner of the city of New York.  The police commissioner, by section 315 of the Greater New York charter, is authorized to make such rules and regulations for vehicular traffic as may be necessary. Section 42 of article 3, chapter 24 of the Code of Ordinances of New York city, gives exclusive control of the management of this traffic to the commissioner. In accordance with this power, the police commis-

sioner has prescribed regulations for street traffic in New York city.

Article V of these regulations provides the manner in which signals shall be conveyed to vehicle drivers by a traffic officer. This article is as follows: " * * . * Section 2. A vehicle's driver when about to turn either from a standstill or while in motion, shall give timely signal by hand or whip or in some other unmistakable manner to indicate the direction of the turn. * * * Section 4. Police Whistle signals shall indicate: One blast — N. and S. traffic stops and E. and W. proceeds. Two blasts — E. and W. traffic stops and N. and S. proceeds. Three or more blasts — The approach of fire apparatus or other danger. * * *."

In the case at bar, the officer in charge of traffic gave one blast on his whistle. Defendant did not stop, but turned into the crossing street and proceeded east. He now contends that although the signal given by the officer is to stop north and south traffic, it does not prohibit a driver going north or south from joining in the east and west traffic.

In the present day, since motor driven vehicles are so numerous in New York city, it becomes necessary for the protection of pedestrians that there be a strict compliance with the traffic rules and regulations prescribed by the police commissioner. To hold otherwise would be detrimental to public safety. The construction I place upon article V of these rules is, that upon the officer giving one blast on his whistle, north and south traffic must stop at the foot crossings of the street and not proceed until the officer has signaled that such traffic may continue. At that time a driver desiring to turn into the crossing street either east or west should convey his intention to do so to the traffic officer. It is obvious that if one proceeding north were

Surrogate's Court, Westchester County, December, 1921.     [Vol. 117.

permitted to turn into the cross street and continue east or west, as the case may be, after receiving the signal to stop, and for east and west traffic to proceed, injury might easily be sustained by a pedestrian going east or west. Article V of the traffic regulations was created to avoid such an occurrence. Accordingly, I find that the defendant was guilty of the violation charged.

Judgment of conviction affirmed.